Per Curiam.

The Court are of opinion, that the motion to set aside the verdict cannot be sustained. No objection is made to the personal qualifications of the juror. It is admitted, or not denied, that his name was regularly in the jury-box of the town of Enfield, and that he was what the law terms liber et legalis homo. This is a sufficient answer to the cases in which the juryman was from a wrong vicinage, or was a non-juror. Had any fraud been proved, or had the defendants suffered any real prejudice, without their fault, no doubt the verdict should be set aside. Had it been shown that the jury were tampered with, which it was the object of the- statute to prevent, in requiring the jurors to be drawn not more than twenty days before the sitting of the court, this would be a good reason for granting a new trial. But here is a mere question of law, whether the defect appearing on the record would be sufficient to sustain a writ of error. The case comes before us, indeed, on a motion for a new trial, which is a summary proceeding, and does not preclude the party from bringing his writ of error if decided against him, but if the Court were of opinion that error will lie, they would grant the motion, in order to save trouble and expense.
The ancient cases are more strict in regard to irregularities of this sort; and there is some conflicting among the authorities ; which is a thing that often happens in matters of practice, as practice is susceptible of continual improvement. One of the strongest cases on the part of the defendants is that cited *44 from Barnes, where a son answered to the name of his father; for which cause the verdict was set aside. But in 12 East, 230, that case was overruled ; and a still later and stronger case has been cited from Barnewell & Alderson.
In the present case, a person who served as a juror was not regularly returned ; but the verdict is not therefore void. The officer may be punishable for not performing his duty, or the juryman may be dismissed immediately, if the objection made in season, or the verdict may be set aside, if the party has sustained any damage ; but the plaintiffs are not to lose all their expenses and trouble, for an irregularity by which the defendants have not been injured, and which was occasioned by an officer over whom the plaintiffs had no control. Though the present defendants may be perfectly fair, yet, if a new trial should be granted, in future cases a party may know of an irregularity, and keep it secret until after the verdict. He ought not to be suffered, in this manner, to take two chances of ob-a verdict in his favor.[1]
Judgment according to the verdict.[2]

 Fellow’s case, 5 Greenl. 333. The act (1 R. L. 328, § 11) of New York provides, that the jurors shall be drawn fourteen days before the session of the court at which they are to serve; but it is not a cause of challenge to the array, that the jurors were drawn more than fourteen days before the sitting of the court. Crane v. Dygert, 4 Wendell, 675. Or that the sheriff and cominis sioners took up between two and three weeks in making the selection ana putting the names into the wheels, the law having prescribed no limitation of time. Commonwealth v. Lippard, 6 Serg. & Rawle, 395.

 A similar question came before the Court at October term, 1822, at Taun ton. At the previous March term of the Court of Common Pleas for the county of Bristol, two jurymen de talibus circumstantibus were returned to complete the panel for the trial of a cause then before the court, and were sworn to give a true verdict in all causes between party and party that should be committed to them. The same jurymen afterwards sat in the cause of Howland v. Gifford, without being again returned, or again sworn. After the verdict, the defendant moved for a new trial on this ground, but the judge overruled the motion, and the defendant filed his exceptions. After argument by Coffin, in support of the exceptions, and L. Williams, on the other side, this Court said, that it was no doubt irregular for the talesmen to serve in any cause, except that for which they were returned; but the objection should have been made before the verdict. The judgment of the court below was therefore affirmed. — Reporter?[3]

 If the sheriff return a talesman, in a cause in which his deputy is a party, it ia a good ground of challenge to the juror, but will not support a motion to set aside the rerdict. Walker v. Green. 3 Greenl. 215.